IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**WILLIE JAMES ALLEN**                                                                 **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 5:14-CV-60-DCB-MTP**

**WARDEN TIMOTHY OUTLAW**                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Willie James Allen for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d). Having considered the Motion, the documents made a part of the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted and the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On April 18, 1995, Petitioner pled guilty to manslaughter (Count I), murder (Count II), and Aggravated Assault (Count III) in Wilkinson County Circuit Court. Allen was sentenced on May 1, 1995, to serve a term of twenty (20) years for Count I, life for Count II, and ten (10) years for Count III. Order [8-1]. At the time of Petitioner's plea, the state of Mississippi allowed an appeal from a guilty plea within thirty (30) days on grounds of an illegal sentence. *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). *See also Burrough v. State*, 9 So. 3d 368, 374 (Miss. 2009); *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989).[1] Petitioner did not seek such an appeal, and thus petitioner's conviction became final on May 31, 1995.

---

[1] It was not until July 1, 2008 that the Mississippi Code § 99-35-101 was amended to prohibit a direct appeal from a guilty plea. The amendment does not impact guilty pleas entered prior to July 1, 2008. *Seal*, 38 So. 3d at 638.

According to the record, Petitioner filed at least two separate motions for post-conviction relief challenging his guilty plea in Wilkinson County Circuit Court. The first was filed sometime between May 1, 1998 and March 21, 2003.[2] The Court dismissed the motion as time barred on March 21, 2003. Order [8-2]. Petitioner filed a second Motion for Post Conviction Relief titled "Motion for Appointment of Counsel" based on grounds of "newly discovered evidence" on June 21, 2013 in Wilkinson County Circuit Court. Motion [8-5]. The Court denied the motion as time barred on June 25, 2013. Order [8-6].[3]

Petitioner filed the instant Petition for Writ of Habeas Corpus [1] on July 16, 2014.[4] Thereafter, Respondent filed his Motion to Dismiss [8] on grounds that the Petition was not timely filed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner

---

[2]As noted in Respondent's brief, the Wilkinson County Circuit Court docket does not reflect a filing date for Petitioner's first motion for post conviction relief. The Wilkinson County Circuit Court Order filed March 21, 2003 found that "Petitioner [wa]s seeking relief far after the expiration of the three-year period [after entry of the judgment of conviction]" afforded to seek post conviction relief under Mississippi Code Annotated § 99-39-5. Order [8-2]. Petitioner's three-year period expired on May 1, 1998. Because the three year period to file a motion for post conviction relief expired on May 1, 1998, Petitioner's state petition, no matter when it was filed between May 1, 1998 and March 21, 2003, was not timely.

[3]The Court notes that Petitioner later appealed the denial of both motions. Motion [8-12]. However, both motions were filed after the three year statute of limitations pursuant to Mississippi Code Annotated § 99-39-5 had expired and after one year AEDPA statute of limitations had expired. *See* Order [8-2]; Order [8-6].

[4]The instant Petition was signed on July 16, 2014 and stamped "filed" in this court on July 18, 2014. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The Court will use the earlier date of July 16, 2014.

seeking federal habeas relief must file his federal petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit has further clarified that "if the defendant stops the appeal process . . . the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In this case, Petitioner did not directly appeal his conviction, and thus his conviction became final on May 31, 1995, thirty days after his guilty plea and conviction.

However, the AEDPA's one year time bar does not begin to run against a state prisoner prior to the statute's enactment on April 24, 1996. *Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001) (citing *Hall v. Cain*, 216 F.3d 518, 520 (5th Cir. 2000)). Thus, Petitioner enjoyed a one-year grace period and could file his petition until April 24, 1997. As Petitioner did not file the instant petition until July 16, 2014, it is time barred absent statutory or equitable tolling.

**Statutory Tolling**

Petitioner is entitled to statutory tolling of the one year time period for any time during which a properly filed application for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling when he did not "file a federal habeas petition or any other form of collateral attack on his conviction until after the statute of limitations had already expired." *Medley v. Thaler*, 660 F.3d 833, 834 (5th Cir. 2011).

Petitioner filed his first Motion for Post Conviction Relief sometime "far after" May 1,

1998[5] and his second motion for post conviction relief on June 21, 2013. Order [8-2]; Motion [8-5]. Both motions were filed after April 24, 1997 and Petitioner did not pursue any other form of collateral attack on his conviction prior to that date. Because Petitioner failed to file either of his state motions or petitions before April 24, 1997, he is not entitled to statutory tolling.

**Equitable Tolling**

The application of the equitable tolling doctrine in a federal habeas petition rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The equitable tolling doctrine is appropriate "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner must also demonstrate that "he has been pursuing his rights diligently." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving sufficiently rare and exceptional circumstances that trigger equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Moreover, ignorance of the law does not justify equitable tolling and is not an excuse for failing to file promptly. *Id.*

Petitioner does not address the untimeliness of his petition and fails to show that "rare and extraordinary circumstances" warrant equitable tolling in this case. Petitioner briefly refers to "harsh sentencing due to inadequate representation" but does not assert that counsel's ineffective

---

[5]Order [8-2].

representation caused the petition's untimeliness. Petition [1] at 15. Even if the court accepts Petitioner's ineffectiveness of counsel argument as an attempt to invoke the equitable tolling doctrine, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Finally, it is well-settled that equitable tolling is not available where a petitioner has failed to pursue relief diligently. In this case, Petitioner waited at least three[6] years to file his first petition in state court, another ten years before appealing his State decision, and almost two decades to file the instant petition. *See generally* Petition [1].

However, Petitioner raises an actual innocence claim,[7] which, if credible, "may allow a prisoner to pursue his constitutional claims . . . notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-32 (2013) (holding that an actual innocence claim can overcome the AEDPA statute of limitations in rare circumstances). Thus, if Petitioner can credibly show that the court's "failure to consider the claims will result in a fundamental miscarriage of justice," he can overcome the AEDPA statute of limitations. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "The miscarriage of justice exception applies to a severely confined category: cases in which new evidence shows it is more likely than not that 'no reasonable juror' would have convicted the petitioner." *McQuiggin*, 133 S.Ct. at 1927 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Such claims are strictly limited to claims of actual innocence supported by "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."

---

[6]*See* Order [8-2].

[7]*See* Petition [1] at 5; 6; 22.

*Schlup*, 513 U.S. at 324. Furthermore, "without any new evidence of innocence, even the existence of a conceitedly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."*Id.* at 326.

Petitioner repeatedly claims that he is innocent but fails to provide any evidence in support of his assertions. *See, e.g.*, Petition [1] at 5; 6; 22. Furthermore, Petitioner does not present new evidence and instead argues that his counsel failed to fully investigate evidence that was previously available and that the evidence does not support his guilt. *See, e.g.*, Petition [1] at 25, 33. Despite Petitioner's allegations that investigating officers planted evidence, Petitioner's arguments fall far short of the high bar required to demonstrate actual innocence. Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate. Accordingly, Petitioner's federal habeas petition is time barred.[8]

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The

---

[8]Respondent submits in the alternative that Petitioner's claims are barred because he has failed to exhaust the state court's highest remedies pursuant to 28 U.S.C. § 2254(b-c). Because the instant petition is time barred, an analysis of Petitioner's failure to exhaust his state claims is unnecessary.

District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United States Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  THIS the 10th day of June, 2015.

              /s/ Michael T. Parker
              United States Magistrate Judge