```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

**WILLIE JAMES ALLEN**                                          **PETITIONER**


**VS.**                              **CIVIL ACTION NO: 5:14-cv-60-DCB-MTP**

**WARDEN TIMOTHY OUTLAW**                                        **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of June 10, 2015 **[docket entry no. 11]**. Therein, Judge Parker recommends that the respondent's Motion to Dismiss **[docket entry no. 8]** be granted and that the Petition **[docket entry no. 1]** be dismissed with prejudice. Having reviewed the Report and Recommendation, the petitioner's objections thereto, and the applicable statutory and case law, the Court finds and orders as follows:

Petitioner Willie James Allen is currently incarcerated at the Marshall County Correctional Facility in Holly Springs, Mississippi. On April 18, 1995, Petitioner pled guilty to manslaughter (Count I), murder (Count II), and aggravated assault (Count III) in Wilkinson County Circuit Court. Report & Recommendation p. 1., ECF No. 11. Allen was sentenced on May 1, 1995, to serve a term of twenty years for Count I, life for Count II, and ten years for Count III. Report & Recommendation p. 1. Petitioner filed his petition for Writ of Habeas pursuant to 28

U.S.C. § 2254 on July 16, 2014. Report and Recommendation pp. 1,2. In his Petition, Allen raises an actual innocence claim based on: (1) ineffective assistance of counsel in failing to fully investigate previously available evidence, and (2) investigating officers planting evidence. Report and Recommendation p. 6.

Judge Parker finds, in his Report and Recommendation, that the Petition is untimely, and that the Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate. Report and Recommendation p. 6. The Petitioner is not entitled to statutory tolling because he did not "file a federal habeas petition or any other form of collateral attack on his conviction until after the statute of limitations had already expired." Medley v. Thaler, 660 F.3d 833, 834 (5th Cir.2011). Because the Petitioner failed to file either of his state motions or petitions before April 24, 1997, he is not entitled to statutory tolling.

Additionally, the application of the equitable tolling doctrine in a federal habeas petition rests within the sound discretion of the district court. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is appropriate only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner does not address the untimeliness of his petition and fails to show that "rare and extraordinary circumstances" warrant equitable tolling in this case. Finally, it

is well-settled that equitable tolling is not available where a petitioner has failed to pursue relief diligently. In this case, the Petitioner waited at least three years to file his first petition in state court, another ten years before appealing his State decision, and almost two decades to file the instant Petition.

Petitioner further claims actual innocence, which, if credible, "may allow a prisoner to pursue his constitutional claims . . . notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013) (holding that an actual innocence claim can overcome the AEDPA statute of limitations in rare circumstances). Such claims are strictly limited to claims of actual innocence supported by "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324. Petitioner repeatedly claims that he is innocent but fails to provide any new evidence in support of his assertions. Petition, ECF No. 1 at pp. 5, 6, 22. Despite Petitioner's allegations that investigating officers planted evidence, Petitioner's arguments fall far short of the high bar required to demonstrate actual innocence because he fails to present any new evidence.

Allen timely filed his Objections to the Report and Recommendation. See Objection, ECF No. 12. Pursuant to Local Civil

Rule 72(a)(3), Respondent Outlaw informed the Court that he would not respond to Allen's objections. See Notice, ECF No. 13. Allen's objections are, however, a restatement of the grounds in his petition. "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)(quoting Nettles v. Wainwright, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)(en banc)). Meritorious objections mandate a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1) (2009); however, merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). The Court finds that the Petitioner's objections merely restate the allegations in his petition and are therefore insufficient.

    Having conducted a *de novo* review of the portions of the Report and Recommendation objected to, and having reviewed the remainder for plain error and finding none, the Court is satisfied that Magistrate Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion which the Court adopts.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation **[docket entry no. 11]** is hereby ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Petitioner's objections to the Report and Recommendation are OVERRULED;

FURTHER ORDERED that the Respondent's Motion to Dismiss **[docket entry no. 8]** is GRANTED, and the Petition is dismissed with prejudice.

A final judgment dismissing the Petition with prejudice will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED on this the 12th day of August, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE